



# OFFICE OF
# THE ATTORNEY GENERAL
## AUSTIN, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

June 30, 1947

Hon. John A. Hulen, Chairman,
Texas National Guard Armory Board,
Second National Bank Building,
Houston 2, Texas

Opinion No. V-286

Re: Authority of Chair-
man of the Texas
National Guard Ar-
mory Board to ap-
prove for payment
all obligations of
the Board.

Dear General Hulen:

Your request for an opinion of this department
is substantially as follows:

"The Texas National Guard is in the process
of reorganization. This reorganization has
caused the Texas National Guard Armory Board
to broaden its field of operations. As you
know it is the duty of the Armory Board to
provide armories and other facilities for the
units of the National Guard.

"A number of armories have been rented and
are scattered over the State; others will be
rented or constructed. The rental and other
charges must be paid by the Armory Board out
of appropriations made available for this pur-
pose by the Legislature. The number of docu-
ments and vouchers submitted to the Comptrol-
ler are numerous. The Comptroller requires
the approval of at least three members of the
Armory Board on each of the documents submit-
ted for payment. Due to the fact that the
Board Members reside at different places in
the State, this requirement causes consider-
able delay in the payment of accounts. The
Comptroller, when requested to pass these
documents with the approval only of the Chair-
man of the Board, suggested that he would be

glad to do so if such procedure received the approval of the Attorney General. Such procedure, of course, would be based on a proper resolution of the Armory Board.

"In view of this request of the Comptroller, we enclose herewith copy of a resolution of the Armory Board authorizing the Chairman of the Board to approve for payment all obligations of the Armory Board incurred against the monies appropriated by the Legislature to the different accounts of the Board.

"Will you, therefore, please advise whether, in view of the provisions of the Armory Board Act (Art. 5890b) the Board may authorize the Chairman to approve for payment on behalf of the Board the documents and charges against the funds appropriated by the Legislature to the different accounts of the Armory Board."

The resolution adopted by the Board purporting to authorize the Chairman of the Board to approve for payment on behalf of the Board various documents and charges is as follows:

"Resolution adopted by the Texas National Guard Armory Board at a regular meeting held June 6, 1947, in the city of Austin, Texas:

"RESOLVED, that the Chairman of the Board of the Texas National Guard Armory Board be, and he is hereby, authorized to approve for payment on behalf of the Armory Board all vouchers, expense accounts, payrolls, rentals, and other documents which have heretofore been approved by the several members of the Board before submission to the Comptroller of the State of Texas for payment; that such approval by the Chairman shall constitute the approval of the Board."

Article 5890b, Vernon's Civil Statutes, provides in part as follows:

"Section 1. There is hereby created the Texas National Guard Armory Board to be composed of five (5) members who shall serve with-

out compensation other than their actual, necessary expenses while traveling on the business of the Board. . .

". . .

"The Board shall act by resolution at a meeting thereof called and held in accordance with its by-laws or rules and regulations. Three (3) members of the Board shall constitute a quorum for the transaction of business at all meetings and any action taken by the majority of the members of the Board present at any meeting thereof shall be deemed to be the action of the Board for all purposes; but if four (4) members are present and voting, an equal vote in both affirmative and negative shall defeat the proposition.

". . .

"Sec. 2. The Board hereby created shall be and it is hereby constituted a body politic and corporate. It shall succeed to the ownership of all property of, and all lease and rental contracts entered into by, the Texas National Guard Armory Board that was created by prior statutes and all of the obligations contracted or assumed by the last mentioned Board with respect to any such property and contracts shall be the obligations of the Board created by this Act. With this exception, no obligation of said former Board shall be binding upon the Board hereby created. It shall be the duty of said Board to have charge of the acquisition, construction, rental, control, maintenance and operation of all Texas National Guard Armories, including stables, garages, rifle ranges, hangers and all other property and equipment necessary or useful in connection therewith, and said Board shall possess all powers necessary and convenient for the accomplishment of such duty, . . ."

In the case of Webster, et al, vs. Texas and Pacific Motor Company, et al, 166 S. W. (2d) 75, Chief Justice Alexander, speaking for the Supreme Court, stated as follows:

"It is a well established rule in this State, as well as in other States, that where the Legislature has committed a matter to a board, bureau, or commission, or other administrative agency, such board, bureau, or commission must act thereon as a body at a stated meeting, or one properly called, and of which all the members of such board have notice, or of which they are given an opportunity to attend. Consent or acquiescence of, or agreement by the individual members acting separately, and not as a body, or by a number of the members less than the whole acting collectively at an unscheduled meeting without notice or opportunity of the other members to attend, is not sufficient. . ."

In an Opinion numbered O-5667, dated November 26, 1943, this Department stated as follows:

"In the case of a Board the statutory power or authority is to be executed by the Board as a body. That is to say, at a meeting of the Board duly assembled, and not by the individual and separate action of the members otherwise than as a body . . .

"Where, however, the Board has duly acted as a body, it may, by appropriate resolution, authorize the President, or any other officer of the college, to execute the instrument in the name, for and on behalf of the Board."

It will be seen from the foregoing that the Board must act as a body, and consent or acquiesence by the indivudual members acting separately is not sufficient. However, if the Board has acted as a body in authorizing the payment of expense accounts, payrolls, rentals, etc., then it may, by resolution, designate the Chairman to execute the same on behalf of the Board. The construction placed upon the resolution under consideration by this department is that the Board does not contemplate approval as a body, but severally; therefore, such resolution would not be in conformity with the established rule regulating the affairs of a Board, and your question must therefore be answered in the negative.

## SUMMARY

A matter committed to a State Board must be acted upon as a body at a stated meeting, and the resolution of the National Guard Armory Board delegating authority to the Chairman of its Board to approve accounts, etc., by said Board would not be sufficient. If the State Board has duly acted as a body, it may, by appropriate resolution, authorize any of its officers to act for and on its behalf as to specific items covered by such resolution.

Very truly yours,

ATTORNEY GENERAL OF TEXAS

By

Burnell Waldrep
Assistant

BW:wb:sh

APPROVED:

ATTORNEY GENERAL